MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
By:      Cora A. Dayon, Esquire
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for Defendant Praxair*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORETTA J. FROST,<br><br>                        Plaintiff,<br><br>        v.<br><br>PRAXAIR, INC., a business entity; JOHN DOES (I-V), fictitiously named Individuals; ABC COMPANIES (I-V), fictitiously named business entities,<br><br>                        Defendants. | Civil Action No. |

## <u>PRAXAIR DEFENDANTS' NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, Praxair, Inc. ("Praxair"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey.

As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Praxair satisfies the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of this Notice of Removal, Praxair states as follows:

4370199v1

## THE FILING OF THE COMPLAINT

1.      On or about March 31, 2017, Loretta Frost ("Plaintiff") commenced this action against Praxair by filing a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Middlesex County, bearing Case No. L-2011-17. A true and correct copy of the Complaint is attached hereto as Exhibit A.

## PRAXAIR SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

2.      The Complaint was served on Praxair via personal service on its registered agent on April 20, 2017. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      The Superior Court of New Jersey, Law Division, Middlesex County, is located within the District of New Jersey. Therefore, venue is proper pursuant to 28 U.S.C. § 110 because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

4.      No previous application has been made for the relief requested herein.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon the removing defendant has been attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Superior Court of New Jersey, Law Division, Middlesex County.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

-2-

***Complete Diversity Of Citizenship Exists***

7.     Plaintiff alleges in her Complaint that she is a resident of Middlesex County in the State of New Jersey. (*See* Compl.). Accordingly, upon information and belief, Plaintiff is a citizen of the State of New Jersey.

8.     Praxair, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Danbury, Connecticut. Therefore, Praxair, Inc. is a citizen of Delaware and Connecticut for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

9.     All other defendants listed in the caption are fictitious defendants, who are disregarded for diversity purposes, 28 U.S.C. § 1441(b)(1), and who have not been served with process. 28 U.S.C. § 1441(b)(2).

10.     Plaintiff and Praxair, Inc. are citizens of different states.  Thus, complete diversity exists between Plaintiffs and Defendants now and at the time the Complaint was filed.  28 U.S.C. § 1332(a)(1).

***The Amount-In-Controversy Requirement Is Satisfied***

11.     Where the plaintiff has not specifically alleged the amount in controversy is less than the jurisdictional minimum, the party asserting jurisdiction has the burden to justify jurisdictional facts by a preponderance of the evidence. *Clark v. J.C. Penney Corp.*, No. CIV.A. 08-4083 (PGS), 2009 WL 1564175, at *2 (D. N.J. June 1, 2009), *citing Samuel-Bassett v. KIA Am., Inc.*, 357 F.3d 392 (3d Cir.2004)., 2009 WL 1564175, at *2.

12.     The District of New Jersey has held that allegations of severe injuries along with pain and suffering will alert the defendant that an amount in excess of the jurisdictional amount is at issue. *Ortiz v. Richmond Elevator Co.*, No. 15-CV-672 CCC-JBC, 2015 WL 5945433, at *4

(D.N.J. Sept. 29, 2015); *see Carroll v. United Air Lines, Inc.*, 7 F.Supp.2d 516 (D.N.J.1998) (plaintiff's allegations of "injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and [that] he will suffer in the future" were sufficient to put the defendant on notice that an amount in excess of the jurisdictional amount was at issue); *see also Avant v. J.C. Penney*, No. CIV A 07-1997 JEI, 2007 WL 1791621, fn. 3 (D.N.J. June 19, 2007)("The District of New Jersey has found that allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000"); *see also Garofalo v. Medtronic, Inc.*, No. Civ.A.97-1655 (AJL), 1997 WL 1049566, *4 (D.N.J.1997) (listing cases in which the Complaint alleges sufficient facts to satisfy the amount in controversy requirement even though no specific amount is identified). Pain and suffering damages "could be great should [a case] proceed to trial before a jury" because juries are "basically unrestricted in their ability to award pain and suffering damages." *Clark*, 2009 WL 1564175, at *4.

13.     Here, Plaintiff alleges that she "did sustain serious and permanent injuries of both mind and body, did suffer great pain of mind and body, was caused to incur medical expenses in an attempt to cure herself of the injuries so sustained, will incur future medical expenses due to the permanent nature of the injuries she sustained, was deprived of carrying out her normal and usual activities and affairs for a period of time, and was otherwise damaged." (Compl., ¶5). Given the Plaintiff's allegation that she has sustained "serious and permanent injuries" along with pain and suffering, it is probable that Plaintiff will ask for an amount in excess of $75,000, exclusive of interest and costs.

14.     Accordingly the amount-in-controversy requirement is met in this case.

-4-

## <u>RESERVATION OF RIGHTS</u>

15.     Defendant Praxair expressly reserves all of its rights and defenses in this action.

WHEREFORE, Defendant, Praxair, Inc., respectfully removes this action from the Superior Court of New Jersey, Law Division, Middlesex County, to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

Date:   May 19, 2017                     s/Cora A. Dayon_____
                                         Cora A. Dayon
                                         **Montgomery, McCracken,**
                                         **  Walker & Rhoads, LLP**
                                         LibertyView, Suite 600
                                         457 Haddonfield Road
                                         Cherry Hill, NJ 08002
                                         (856) 488-7700

                                         *Attorneys for Defendant Praxair, Inc.*

4370199v1

## **CERTIFICATE OF SERVICE**

I, Cora A. Dayon, hereby certify that on the date listed below I caused a true and correct copy of the foregoing Notice of Removal to be served by electronic mail and first class U.S. mail, postage prepaid, upon the following:

> Joseph A. Lombardi
> Lombardi & Lombardi, P.A.
> 1862 Oak Tree Road
> Edison, New Jersey 08820

Dated:  May 19, 2017                      s/Cora A. Dayon

-6-

4370199v1

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Loretta J. Frost

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff    Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Danbury, Connecticut
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Joseph A. Lombardi
Lombardi & Lombardi, P.A.
1862 Oak Tree Road, Edison, New Jersey 08820

Attorneys *(If Known)*
Cora A. Dayon
Montgomery, McCracken, Walker & Rhoads, LLP
457 Haddonfield Road, Suite 600, Cherry Hill, NJ 08002

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal          Injury Product | | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine          Liability ☐ 345 Marine Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits |     Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards        Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 720 Labor/Management        Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending     Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☒ 360 Other Personal    ☐ 380 Other Personal     Injury         Property Damage | ☐ 751 Family and Medical        Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -    ☐ 385 Property Damage     Medical Malpractice        Product Liability | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY**    **CIVIL RIGHTS**    **PRISONER PETITIONS** | |        Income Security Act | ☐ 870 Taxes (U.S. Plaintiff        or Defendant) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation    ☐ 440 Other Civil Rights    **Habeas Corpus:** | | | ☐ 871 IRS—Third Party        26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure    ☐ 441 Voting    ☐ 463 Alien Detainee | | | |        Agency Decision |
| ☐ 230 Rent Lease & Ejectment    ☐ 442 Employment    ☐ 510 Motions to Vacate | | | | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land    ☐ 443 Housing/        Sentence | | | |        State Statutes |
| ☐ 245 Tort Product Liability        Accommodations    ☐ 530 General | | | | |
| ☐ 290 All Other Real Property    ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty        Employment    **Other:** | | **IMMIGRATION** | | |
|    ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other        Other    ☐ 550 Civil Rights | | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
|    ☐ 448 Education    ☐ 555 Prison Condition | |        Actions | | |
|        ☐ 560 Civil Detainee -           Conditions of           Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 & 28 USC 1441

Brief description of cause:
Personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
05/19/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# EXHIBIT A

LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey 08818
Tel: (732) 906-1500
Fax: (732) 906-7625
File No.: 16-27008JAL
Attorneys for Plaintiffs
Joseph A. Lombardi, Esq. (ID#019352004)

| | |
|---|---|
| LORETTA J. FROST, an individual; | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiff | : MIDDLESEX COUNTY |
| | : |
| vs. | : DOCKET NO.: MID-L-2011-17 |
| | : |
| PRAXAIR, INC., a business entity; | : CIVIL ACTION |
| JOHN DOES (I-V), fictitiously named | : |
| individuals; ABC COMPANIES (I-V), | : SUMMONS |
| fictitiously named business entities, | : |
| | : |
| Defendants | : |
| | : |

From the State of New Jersey, To the Defendant (s) Named Above:

## PRAXAIR, INC.

The plaintiff, named above, has filed a lawsuit in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each Deputy Clerk of the Superior Court is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf). If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney, whose name and address appear above or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: April 12, 2017

*Michelle M. Smith*
Clerk of the Superior Court

Name of Defendant to be served:       Praxair, Inc.
Address of the Defendant to be served:   60 Crows Mill Rd #907, Keasbey, NJ 08832

Revised 09/04/12, CN 10792-English (Appendix XII-A)

LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey 08818
Tel: (732) 906-1500
Fax: (732) 906-7625
File No.: 16-27008JAL
Attorneys for Plaintiffs
Joseph A. Lombardi, Esq. (ID#019352004)

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2011 MAR 31  A 11: 03

FILED & RECEIVED #5

| | |
|---|---|
| LORETTA J. FROST, an individual;<br><br>Plaintiff<br><br>vs.<br><br>PRAXAIR, INC., a business entity;<br>JOHN DOES (I-V), fictitiously named<br>individuals; ABC COMPANIES (I-V),<br>fictitiously named business entities,<br><br>Defendants | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: MIDDLESEX COUNTY<br>:<br>: DOCKET NO.: L 2011-17<br>:<br>: CIVIL ACTION<br>:<br>: COMPLAINT AND JURY DEMAND<br>:<br>:<br>:<br>: |

Plaintiff, Loretta J. Frost, an individual, residing at 867 B King George Road, Fords, Township of Woodbridge, County of Middlesex, and State of New Jersey, by way of Complaint against the defendants, jointly and severally, herein says:

## FIRST COUNT

1.    On or about October 2, 2015, and for long period prior thereto, the defendant, Praxair, Inc., a business entity, was the owner and was actually in control of certain business premises located at 60 Crows Mill Road, Keasby, New Jersey.

2.    Based upon information and belief, the Township of Woodbridge Board of Education leases a portion of the property located at 60 Crows Mill Road, Keasby, New Jersey.  Specifically, the Township of Woodbridge Board of Education leases office

space as well as a portion of the parking lot located at 60 Crows Mill Road, Keasby, New Jersey.

3.       The plaintiff, Loretta J. Frost, was and currently is an employee of the Township of Woodbridge Board of Education.  Plaintiff, Loretta J. Frost, is a bus driver for the Township of Woodbridge Board of Education.  Plaintiff, Loretta J. Frost, as an employee of the Township of Woodbridge Board of Education, utilizes the parking lot area and office space located at 60 Crows Mill Road, Keasby, New Jersey, which is owned by defendant, Praxair, Inc.

4.       On or about October 2, 2015, and for a long period prior thereto, the defendant, Praxair, Inc., did negligently, improperly and carelessly design, construct, maintain and supervise the aforementioned premises and more particularly the parking lot area of 60 Crows Mill Road, Keasby, New Jersey.  The defendant, Praxair, Inc., did fail to give warning to business invitees of the dangerous and hazardous conditions that existed in said parking lot area.

5.       As a direct and proximate result of the aforesaid negligence, carelessness and omissions of the defendant, Praxair, Inc., the plaintiff, Loretta J. Frost, on October 2, 2015, was caused to fall and did sustain serious and permanent injuries of both mind and body, did suffer great pain of mind and body, was caused to incur medical expenses in an attempt to cure herself of the injuries so sustained, will incur future medical expenses due to the permanent nature of the injuries she sustained, was deprived of carrying out her normal and usual activities and affairs for a period of time, and was otherwise damaged.

WHEREFORE, the plaintiff, Loretta J. Frost, does hereby demand judgment against the defendants, jointly and severally, for compensatory damages together with interest and costs of suit.

## SECOND COUNT

1.     The plaintiff repeats the allegations of the First Count as if same were set forth herein at length.

2.     John Does (I-V) and ABC Companies (I-V) are fictitiously named defendants respectively representing any persons and/or business entities who had ownership and/or control of any of the instrumentalities of the damages complained of herein or who are otherwise liable for damages complained of herein.

3.     This count is also reserved by plaintiff who has alleged negligence and breach of warranty against any other persons and/or business entities which participated in the design, construction, maintenance, inspection and supervision of the parking lot area upon which the plaintiff, Loretta J. Frost, was caused to fall and sustained injury. Said persons and business entities are respectively designated herein as John Does (I-V), fictitiously named individuals, and ABC Companies (I-V), fictitiously named business entities.

WHEREFORE, the plaintiff, Loretta J. Frost, does hereby demand judgment against the defendants, jointly and severally, for compensatory damages together with interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of six (6) persons on all issues so triable.

## CERTIFICATION; R. 4:5-1 (b) (3)

The undersigned certifies that the within pleading contains no personal confidential identifiers.  The undersigned recognizes a responsibility to ensure the same as to subsequent pleadings.

## CERTIFICATION; R. 4:5.1

The undersigned certifies that to the best of his knowledge and belief, there is not pending any other action which arises from the incident alleged in this Complaint or which involves the parties to this action.

LOMBARDI & LOMBARDI, P.A.
Attorneys for Plaintiffs


DATED: March 30, 2017                  By:  JOSEPH A. LOMBARDI

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Joseph A. Lombardi, Esq. (ID:019352004) | (732) 906-1500 | Middlesex |

**FIRM NAME** (if applicable)
Lombardi & Lombardi, P.A.

**DOCKET NUMBER** (when available)
L 2011-17

**OFFICE ADDRESS**
1862 Oak Tree Road
Edison, New Jersey 08820
(ID: 019352004)

**DOCUMENT TYPE**
Complaint

**JURY DEMAND** ☒ Yes ☐ No

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| LORETTA J. FROST, Plaintiff | PRAXAIR, INC., a business entity; JOHN DOES (I-V), fictiously named individuals; ABC COMPANIES (I-V), fictitiously named business entities; Defendants |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 605 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes ☒ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes ☒ No | ☐ NONE ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ Yes ☒ No | ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Fall down accident of October 2, 2015

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES ☒ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ YES ☒ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   APRIL 04, 2017
                    RE:     FROST LORETTA J VS PRAXAIR INC
                    DOCKET: MID L -002011 17


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL A. TOTO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (732) 519-3728 EXT 3728.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: JOSEPH A. LOMBARDI
                         LOMBARDI & LOMBARDI
                         1862 OAK TREE ROAD
                         EDISON        NJ 08820


JUMGAR2

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
By:    Cora A. Dayon, Esquire
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for Defendant Praxair*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LORETTA J. FROST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. |
| PRAXAIR, INC., a business entity; JOHN | : | |
| DOES (I-V), fictitiously named Individuals; | : | |
| ABC COMPANIES (I-V), fictitiously named | : | |
| business entities, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge,

information, and belief that the matter in controversy is not the subject of another action.

**Montgomery, McCracken,**
**Walker & Rhoads, LLP**
*Attorneys for Defendant Praxair, Inc.*

Date:  May 19, 2017

s/Cora A. Dayon
Cora A. Dayon
cdayon@mmwr.com

4370642v1

## <u>CERTIFICATE OF SERVICE</u>

I, Cora A. Dayon, hereby certify that on the date listed below I caused a true and correct copy of the foregoing document to be served by electronic mail and first class U.S. mail, postage prepaid, upon the following:

> Joseph A. Lombardi
> Lombardi & Lombardi, P.A.
> 1862 Oak Tree Road
> Edison, New Jersey 08820

Dated:  May 19, 2017                    <u>s/Cora A. Dayon                    </u>

4370642v1